Scott Dale KING *v.* Misti Dawn OCHOA

08-257                                                           285 S.W.3d 602

Supreme Court of Arkansas
Opinion delivered June 5, 2008

*Sanford Law Firm, PLLC*, by: *Josh Sanford*, for appellant.

No response.

Jim Gunter, Justice. This appeal arises from an order of the Pope County Circuit Court ruling that Appellant Scott Dale King ("King") did not qualify as an individual who may adopt minor child J.M.K. ("the child") under Ark. Code Ann. § 9-9-204 (Repl. 2002). We reverse and remand for consideration of the adoption petition on the merits.

King is thirty-six years old and unmarried. He is the biological father of the child. The child has been in King's care and custody since December of 2005, when custody was awarded to him by the circuit court. King filed a petition for adoption on October 19, 2007, asserting that it was his desire to establish the relationship of father and child and to terminate the parental rights of the child's mother, Misti Dawn Ochoa. Ochoa submitted her consent to King's adoption of the child on November 20, 2007. At a hearing on November 29, 2007, the circuit court entered an order dismissing the petition for adoption with prejudice. The circuit court ruled that King was not eligible to adopt the child because Ark. Code Ann. § 9-9-204(3) does not permit an unmarried natural father to adopt his own child. King filed a timely notice of appeal on December 31, 2007.

For his sole point on appeal, King asserts that, pursuant to Ark. Code Ann. § 9-9-204, an unmarried father who has the consent of the biological mother may adopt his own child.[1] Specifically, he contends that he meets the statutory requirements of § 9-9-204 and is therefore eligible to adopt the child. He also asserts that the circuit court erred in finding that it would be against public policy to interpret the statute to allow the adoption of a child by a biological parent because there is nothing unclear or ambiguous in the language of the statute.

We review issues of statutory interpretation de novo. *Hanners v. Giant Oil Co. of Ark., Inc.*, 373 Ark. 418, 284 S.W.3d 468 (2008). We are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. *Id.* When reviewing issues of statutory interpretation, we keep in mind that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to

---

[1] No appellee's brief was filed in this case.

resort to rules of statutory construction. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.* Additionally, we have consistently held that statutory provisions involving the adoption of minors are strictly construed and applied. *See In re Adoption of Tompkins,* 341 Ark. 949, 20 S.W.3d 385 (2000); *Dougan v. Gray,* 318 Ark. 6, 884 S.W.2d 239 (1994); *Swaffar v. Swaffar,* 309 Ark. 73, 827 S.W.2d 140 (1992); *In re Adoption of Parsons,* 302 Ark. 427, 791 S.W.2d 691 (1990).

Parental rights and the integrity of the family unit have always been a concern of this state and their protection regarded as a proper function of the courts. *See Parsons, supra.* The conditions upon which parental rights are to be terminated are a question of policy, the resolution of which is addressed in a democracy to the policy-making branch of government, the General Assembly, and it is not for the courts to make a statute say something that it clearly does not. *Id.* (citing *Davis v. Smith,* 266 Ark. 112, 583 S.W.2d 37 (1979)).

■ Arkansas Code Annotated § 9-9-204(3) states that "[t]he unmarried father or mother of the individual to be adopted" may adopt. *Id.* Construing the statute just as it reads, it clearly allows for an unmarried father to adopt his own child, and therefore, is unambiguous. Because it is plain and unambiguous, there is no need to resort to rules of statutory construction. *See Hanners, supra.* Therefore, because we strictly construe adoption statutes, *see Tompkins, supra,* we hold that the circuit court erred in its ruling that King was ineligible to adopt the child under § 9-9-204.

■ The circuit court also denied King's petition based on the reasoning that granting the petition would terminate the financial responsibility of Ochoa, stating:

> Her consent does not change my mind about this. This is evidently a parent that by virtue of the consent does not want anything to do with the child. And, while that is an unfortunate set of circumstances, she still has the financial responsibility to look to and provide for that child. The state and the custodial parent have

the obligation to pursue that, unless they are able to take care of the child financially themselves. In the event that the custodial parent were to pass away, if I were to grant this adoption, there would be no one else out there except you and I and the state to take care of this child.

We hold that this policy concern of the circuit court is a question that should be addressed by the legislature. As stated above, the statute clearly states that King is eligible to adopt the child, and we should not interpret the statute to say something that it clearly does not. *See Parsons, supra.* In this case, we are merely holding that the circuit court erred in its interpretation of § 9-9-204. Under § 9-9-204, an unmarried mother or father may adopt; however, § 9-9-204 only sets out who may adopt. All other requirements under the Uniform Adoption Act must still be met. Accordingly, we reverse the ruling of the circuit court and remand for consideration of the adoption petition on the merits.

Reversed and remanded.