IN RE ADOPTION of M.K.C. *v.*
POPE COUNTY CIRCUIT COURT

08-258                                                      285 S.W.3d 605

Supreme Court of Arkansas
Opinion delivered June 5, 2008

*Sanford Law Firm, PLLC,* by: *Josh Sanford,* for appellant.

J IM GUNTER, Justice. This appeal arises from an order of the Pope County Circuit Court ruling that Appellant, Callie Michelle Cox, is not eligible to adopt her biological minor child, M.K.C. Specifically, the circuit court found that Ark. Code Ann. § 9-9-204(3) (Repl. 2002) does not permit an unmarried mother to adopt her child, and, therefore, the court denied her petition. For the reasons set forth in *King v. Ochoa,* 373 Ark. 600, 285 S.W.3d 602 (2008), we reverse and remand for consideration of the adoption petition on the merits.

On October 15, 2007, Appellant filed a petition for the adoption of M.K.C. The petition stated that Appellant is the biological mother of the child. It further alleged that no father had been involved in the life of the child, and after an inquiry was sent to the Arkansas Department of Health and Human Services, no matching claim was found in the Arkansas Putative Father Registry.[1] At a hearing on October 25, 2007, the court denied Appellant's petition for adoption. The court noted that, while Ark. Code Ann. § 9-9-204(3) does not prohibit adoption of a child by the biological mother, Appellant's petition should be denied for public policy reasons. An order of dismissal was entered on November 19, 2007, which stated that Ark. Code Ann. § 9-9-204(3) does not permit an unmarried natural mother to adopt her own child. Appellant timely filed her notice of appeal on December 3, 2007.

In Appellant's sole point on appeal, she argues that the circuit court erred in its interpretation of Ark. Code Ann. § 9-9-204(3).[2] Appellant contends that § 9-9-204(3) permits an unmarried mother to adopt her child for the purpose of establishing herself as the only person with a parent-child relationship to the individual to be adopted, and that the circuit court incorrectly denied her adoption petition.

This court has consistently held that adoption statutes are to be strictly construed and applied. *In re Adoption of Tompkins,* 341 Ark. 949, 951, 20 S.W.3d 385, 386 (2000). For the reasons set forth in *King v. Ochoa,* 373 Ark. 600, 285 S.W.3d 602 (2008), we hold that the circuit erred in its interpretation of § 9-9-204. Under

---

[1] It should be noted that this inquiry was searched under the name "Infant Brucks" in contrast to the child's name identified in this appeal, M.K.C.

[2] No appellee's brief was filed in this case.

this section, an unmarried mother or father may adopt; however, § 9-9-204 only sets out who may adopt. All other requirements under the Uniform Adoption Act must still be met. Accordingly, we reverse the ruling of the circuit court and remand for consideration of the adoption petition on the merits.

Reversed and remanded.