2009 Ark. 91

**Atallah KASSEES, Sr., Appellant,**

v.

**Guy Randolph SATTERFIELD and Satterfield Law Firm, PLC, Appellees.**

No. 08–978.

Supreme Court of Arkansas.

Feb. 26, 2009.

Appellant, pro se.

Friday, Eldredge & Clark, LLP, by Donald H. Bacon, Little Rock, and C. Aaron Holt, Fayetteville, for appellees.

PAUL E. DANIELSON, Justice.

Appellant Atallah Kassees, Sr., appeals from the order of the Circuit Court of Pulaski County granting a motion to dismiss with prejudice in favor of Appellees Guy Randolph "Randy" Satterfield and Satterfield Law Firm, PLC (hereinafter referred to collectively as "Satterfield"). Kassees alleges that the circuit court erred in: (1) granting Satterfield's motion to dismiss without a hearing; (2) finding that Kassees's complaints of breach of contract, deception, slander, and defamation of character were barred by the three-year statute of limitations for legal-malpractice claims instead of the five-year statute of limitations for breach-of-contract claims; (3) finding that the complaint was barred by res judicata or collateral estoppel; (4) granting dismissal pursuant to Rule 12(b)(5) of the Arkansas Rules of Civil Procedure; and (5) failing to find the stat-

ute of limitations had been tolled by a "concealment of wrong." We affirm.

The relevant facts are these. Kassees's son, Ganem Kassees, died on July 12, 1995, as a result of a gunshot wound to his head. On June 11, 1998, Kassees hired Satterfield to investigate the circumstances of his son's death and file a lawsuit as appropriate. A wrongful-death lawsuit was filed on July 2, 1998, against Jimmy Dale Wilson, Virginia Diane Wilson, Firewater, Inc., John Doe 1, and John Doe 2, in the Fifth Division of the Pulaski County Circuit Court. That case was dismissed on June 9, 1999, without prejudice pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.[1]

Kassees then hired Satterfield to appeal the case, and a notice of appeal was filed on July 2, 1999. However, the Arkansas Court of Appeals dismissed the appeal without prejudice pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure because a final order had not been entered as to the two John Doe defendants, and the case was directed back to the circuit court. The circuit court dismissed the case without prejudice on February 6, 2003, for "lack of action in accordance with Rule 41 of the Arkansas Rules of Civil Procedure."

After that dismissal, Kassees reported Satterfield to the Office of Professional Conduct and, in 2007, filed a lawsuit against Satterfield in Pulaski County. The lawsuit against Satterfield was assigned case number CV–2007–5472 and, on October 25, 2007, summary judgment was granted in favor of Satterfield.

On March 18, 2008, Kassees filed another complaint alleging various causes of action against Satterfield. Kassees's com-

---

1. Rule 12(b)(6) is used to dismiss a complaint that fails to state facts upon which relief can be granted. See Ark. R. Civ. P. 12(b)(6) (2008).

plaint alleged the following: (1) that he hired Satterfield to investigate the circumstances surrounding the death of his son, Ganem Kassees, and to file a lawsuit as appropriate in exchange for a fee of $5,000, all costs, and a contingency agreement where Satterfield would be awarded one third of any recovery; (2) that while a lawsuit was filed on July 2, 1998, it was dismissed without prejudice on June 9, 1999; (3) that on June 21, 1999, Kassees entered into a written agreement with Satterfield to appeal the case; (4) that after the notice of appeal was filed and an appeal transcript had been lodged, the court of appeals dismissed the case without prejudice on May 25, 2000, for lack of a final judgment as to two John Doe defendants; (5) that, on June 19, 2003, Satterfield promised to refile the appeal, but he never did so; and (6) that Kassees visited the office of the circuit judge on August 19, 2004, and was informed for the first time that the case had been dismissed in February 2003.

In response, Satterfield filed a motion to dismiss and motion to quash service stating that: (1) Kassees's complaint is barred by the applicable statute of limitations; (2) Kassees's complaint is barred by res judicata or collateral estoppel as he had previously asserted the same allegations in his earlier lawsuit filed in Pulaski County in which summary judgment was granted in Satterfield's favor; and (3) the complaint should be dismissed pursuant to Rule 12(b)(5) of the Arkansas Rules of Civil Procedure for insufficiency of service of process. On May 2, 2008, the circuit court entered an order dismissing Kassees's complaint with prejudice, "based on the pleadings and all other things and matters properly before the court." It is from that order Kassees now appeals.

We first address the statute-of-limitations issue, as it disposes of several of the other issues raised on appeal. Kassees contends that the circuit court erred in applying the three-year statute of limitations for legal-malpractice claims, Ark. Code Ann. § 16–56–105 (Repl.2005), to his complaint and that the court should have found that the five-year statute of limitations for the breach of a written contract, Ark.Code Ann. § 16–56–111 (Repl.2005), applied instead. However, we hold, as Satterfield argued, that the circuit court was correct in applying the three-year statute of limitations because the facts stated in Kassees's complaint actually alleged attorney malpractice.

In reviewing the circuit court's decision on a motion to dismiss, this court must treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *See Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *See id.*

It is well established that the three-year statute of limitations applies to legal-malpractice actions. *See Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998) (citing *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998)). However, Kassees contends that there was a written contract in this case in which he was to pay $3,000 in addition to all costs and expenses in exchange for legal work to be performed by Satterfield and further contends that a breach of that contract occurred when Satterfield "deliberately, and completely refused to do [the work] and left [Kassees] 'high and dry' with the loss of money, and the destruction of the case." Therefore, Kassees argues that section 16–56–111 is the applicable statute of limitations.

When making a determination about what statute of limitations applies in

a case, the court must look to the facts alleged in the complaint itself to ascertain the area of law in which they sound. *See Sturgis v. Skokos,* 335 Ark. 41, 977 S.W.2d 217 (1998); *O'Bryant v. Horn,* 297 Ark. 617, 764 S.W.2d 445 (1989). If two or more statutes of limitations apply to a cause of action, generally the statute with the longest limitation will be applied. *See Sturgis, supra.* However, we look to the gist of the action to determine which statute of limitations to apply. *See O'Bryant, supra.*

While several causes of action are alleged in Kassees's complaint, we must look to the actual facts alleged. The "gist" of his complaint is that Satterfield failed to act diligently and timely file a proper appeal on his behalf. Such inaction is clearly negligent. In *Sturgis,* this court specifically held:

> The obligation to act diligently is present in every lawyer-client relationship. The violation of that obligation is, by definition, nothing more than negligence.

335 Ark. at 49, 977 S.W.2d at 221. Therefore, the circuit court was correct in applying the three-year statute of limitations, and Kassees does not challenge that his complaint was untimely pursuant to that statute. Because Kassees's legal-malpractice complaint was properly dismissed as untimely, the only remaining argument we need address is Kassees's fraudulent-concealment argument, as a finding in Kassees's favor would have tolled the statute of limitations.

Kassees alleges that Satterfield fraudulently concealed the failure to timely file an appeal in the wrongful-death action. He claims that on June 19, 2003, Satterfield promised to appeal the case, even though it had been dismissed several months prior to that, on February 6, 2003, for lack of action. Satterfield avers that the alleged conduct does not rise to the level of fraudulent concealment.

Fraud suspends the statute of limitations until the party having the cause of action discovers the fraud, or should have discovered it by the exercise of reasonable diligence. *See Bomar v. Moser,* 369 Ark. 123, 251 S.W.3d 234 (2007). However, in the instant case, Kassees's complaint would have been time-barred even if the statute had been tolled as a result of fraud on the part of Satterfield. Kassees admitted that he found out about the dismissal on August 19, 2004; however, he did not file a complaint until March 18, 2008. Because the three-year statute of limitations applies in this case, his complaint would have been time-barred. Therefore, this argument is without merit.

Finally, we note that Kassees failed to argue in his brief that the circuit court erred in dismissing his defamation claim against Satterfield. Erring on the side of caution, Satterfield included an argument in the appellees' brief asserting that the circuit court properly dismissed that claim along with the others. Kassees then attempted to address the defamation claim in his reply brief and argued that the circuit court erred by not finding that Satterfield maliciously slandered and defamed him after he filed a complaint against Satterfield with the Office of Professional Conduct. However, Kassees's argument was presented too late. We have repeatedly held that we will not consider an argument raised for the first time in the reply brief. *See Bibbs v. Cmty. Bank of Benton,* 375 Ark. 150, 289 S.W.3d 393 (2008); *Maddox v. City of Fort Smith,* 346 Ark. 209, 56 S.W.3d 375 (2001).

For these reasons, we affirm the order of the circuit court.

Affirmed.