The Honorable Roger Norman, JD, CPA, CFE Legislative Auditor Division of Legislative Audit
172 State Capitol Little Rock, Arkansas 72201-1099
Dear Mr. Norman:
I am writing in response to your request for an opinion on three questions concerning Act 756 of 2009.
As noted in the background information you provided concerning Act 756, the Act is largely concerned with assisting motor vehicle dealers experiencing economic difficulties, which purpose is stated in the Act's emergency clause. The Act has 25 sections. Nineteen sections amend title 23, chapter 112 of the Arkansas Code, the Arkansas Motor Vehicle Commission Act. One section amends A.C.A. § 27-14-1705
(Supp. 2009, version effective until July 1, 2010), pertaining to temporary cardboard tags for motor vehicles. Another section is the Act's emergency clause.
The remaining four sections of Act 756 amend county and municipal purchasing requirements. Sections 21 and 22 address county purchasing. Section 21 amends the definition contained in A.C.A. § 14-22-101(8) (Supp. 2009) of the term "used or secondhand motor vehicles, equipment, or machinery." I note that the amendment effected by Section 21 relates to motor vehicles, but I do not believe Section 21 is otherwise relevant to the matters considered in this opinion. Section 22 amends A.C.A. § 14-22-106 (Supp. 2009) to add to the list of commodities contained in that statute that may be purchased by counties without soliciting bids the following: (a) oil, asphalt, asphalt oil, and natural gas; (b) new motor vehicles under the same specified conditions as those contained in Section 23 of the Act for municipalities and set forth below; and (c) "[t]he renewal or extension of the term of an existing contract." *Page 2 
Sections 23 and 24 of Act 756 address municipal purchasing. Section 23 adds a new section, A.C.A. § 14-58-104 (Supp. 2009), to the Arkansas Code, as follows:
 14-58-104. Specific purchases and contracts.
 (a) The municipal governing body of a city of the first class, city of the second class, or an incorporated town may purchase the following commodities without soliciting bids:
 (1) Motor fuels, oil, asphalt, asphalt oil, and natural gas; and
 (2) New motor vehicles from a motor vehicle dealer licensed under the Arkansas Motor Vehicle Commission Act, § 23-112-101 et seq., if the motor vehicle is purchased for an amount not to exceed the fleet price awarded by the Office of State Procurement and in effect at the time the municipal governing body of a city of the first class, city of the second class, or an incorporated town submits the purchase order for the same make and model motor vehicle.
 (b) The municipal governing body of the city of the first class, city of the second class, or an incorporated town may renew or extend the term of an existing contract without soliciting bids.
Section 24 of the Act amends A.C.A. § 14-58-303(b) (Supp. 2009), to exclude from that section's municipal bidding and purchasing requirements the matters specified in A.C.A. § 14-58-104.
Your request is focused on the scope of A.C.A. § 14-58-104(b), quoted above. Your specific questions are as follows:
 1. Does the term "existing contract" as used in Ark. Code Ann. § 14-58-104(b) apply to any municipal contract, regardless of the commodity, service, or other subject matter involved? [Your emphasis.]
 2. Is the term "existing contract" as used in Ark. Code Ann. § 14-58-104(b) modified or limited by the list of commodities in subsection (a) ("[m]otor fuels, oil, asphalt, asphalt oil, and natural gas; and . . . [n]ew motor vehicles. . . .")? *Page 3 
 3. Is the term "existing contract" as used in Ark. Code Ann. § 14-58-104(b) modified or limited by the title, emergency clause, or any other provision of Act 756 of 2009?
In my opinion, the answer to your first question is "yes" and, accordingly, the answer to your second and third questions is "no."
The Supreme Court of Arkansas recently summarized the prevailing rules of statutory interpretation:
 [T]he first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used.
King v. Ochoa, 373 Ark. 600, 601-602, 285 S.W.3d 602 (2008),citing Hanners v. Giant Oil Co. of Arkansas, Inc.,373 Ark. 418, 284 S.W.3d 468 (2008) (internal citations omitted).
In my view, the statutory language "an existing contract" is clear and unambiguous. Giving those words their ordinary meanings in common language, they refer to any existing contract of the municipality. The statute therefore permits the renewal or extension, without soliciting bids, of any existing contract, regardless of the subject matter thereof.
In my opinion, the foregoing construction of the statute is consistent with other rules of statutory construction that may be applicable. Your request cites Fiser v. Clayton,221 Ark. 528, 254 S.W.2d 315 (1953), for the proposition that a provision of an act or statute must be determined by reference to the entire enactment. It is true that Act 756 can be viewed as pertaining primarily to motor vehicle dealers, but it clearly is not limited to that subject. As noted, section 22 *Page 4 
amends county purchasing law to exempt oil, asphalt, asphalt oil, and natural gas purchases from the requirement to solicit bids. I do not perceive any significant connection between this provision and the legislative desire to assist motor vehicle dealers. Likewise section 23 exempts the enumerated items, as well as motor fuels, from municipal bid solicitation requirements, again without any apparent prospect of providing significant assistance to motor vehicle dealers thereby.
In addition, reference to the entirety of Act 756 cannot ignore section 22 therof. In section 22, in addition to adding new motor vehicles and oil, asphalt, etc., to the already-lengthy list of items a county can acquire without soliciting bids, the legislature enacted a provision substantially similar to A.C.A. § 14-58-104(b), at issue here. A county can, therefore, without soliciting bids, acquire, for example, perishable foods, unprocessed livestock feed, advanced emergency medical services, books, scientific equipment, lumber, used pipe, new and used cars, and certain livestock. The list I have set forth is not exhaustive. The legislature could easily have limited section 22's "existing contract" language to motor vehicles if it had desired to do so, but the language is not so limited. Rather, it is appended without express limitation to a list of varied items and services counties can acquire without soliciting bids. I conclude that the legislature intended to exempt renewals and extensions of the terms of all existing county contracts from the bid solicitation requirement. It is not unreasonable to conclude, then, that the legislature had a similar intention with respect to municipalities.
Another rule of statutory interpretation is to give effect to all words in the statute if possible. See, e.g., Finley v.Astrue, 372 Ark. 103, 270 S.W.3d 849 (2008). In my view, an interpretation of "an existing contract" that is limited to contracts relating to new motor vehicles, or limited to new motor vehicles and motor fuels, oil, etc., gives little or no effect to the words of A.C.A. § 14-58-104(b) itself. Other provisions of Act 756 clearly exempt from county and municipal bid solicitation requirements new contracts for the acquisition of new motor vehicles and motor fuels, oil, etc. In my view, it would be pointless also to provide that renewals and extensions ofexisting contracts for new motor vehicles and motor fuels, oil, etc., are exempt from bid solicitation requirements. In other words, an exemption for new contracts of a certain type would, in my view, make superfluous, and would subsume, an exemption for renewals and extensions of existing contracts of the same type. *Page 5 
Your request cites Quinney v. Pittman,320 Ark. 177, 895 S.W.2d 538 (1995), for the proposition that legislative intent may be determined by reference to an act's title and/or emergency clause if the act's meaning is ambiguous. TheQuinney case does stand for that proposition but, in my opinion, the statute at issue here, like the one inQuinney, is clear and unambiguous. Resort to the title or emergency clause is thus not required or appropriate.
Because it is my opinion that the term "existing contract" as used in A.C.A. § 14-58-104(b) applies to any existing municipal contract, regardless of the commodity, service, or other subject matter involved, my answer to your second and third questions is necessarily "no."
County and municipal officials should note that nothing in Act 756 prohibits a local government from soliciting bids with respect to any proposed purchase or other contract.
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JMB:cyh *Page 1