

# SUPREME COURT OF ARKANSAS

No. CV–13–145

| | |
|---|---|
| TANYA SMITH<br><br>                              PETITIONER<br><br>V.<br><br>CONAGRA FOODS, INC., and TERRY STEEN<br><br>                              RESPONDENTS | **Opinion Delivered** December 5, 2013<br><br>CERTIFIED QUESTION FROM UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS [NO. 4:12–cv–517–DPM]<br><br>HON. D. PRICE MARSHALL JR., JUDGE<br><br><u>CERTIFIED QUESTION ANSWERED</u>. |

**CLIFF HOOFMAN, Associate Justice**

This case involves a question of Arkansas law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8 (2013). On March 7, 2013, we accepted the certified question in *Smith v. ConAgra Foods, Inc.*, 2013 Ark. 103. The certified question is as follows:

> Are employment-related retaliation claims under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-108, subject to the one-year statute of limitation provided in another part of the Act, Ark. Code Ann. § 16-123-107(c), or the three-year limitation period applicable when a statutory cause of action contains no limitation period? Ark. Code Ann. § 16-56-105; *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 901, 935 S.W.2d 258, 261 (1996).

We conclude that the answer is that the three-year limitation period applies.

SLIP OPINION

On November 29, 2011, Petitioner, Tanya Smith, ("Smith") filed her initial action against Respondents, ConAgra Foods, Inc. ("ConAgra") and Terry Steen ("Steen"), (collectively "respondents") in Pulaski County, Arkansas. The Pulaski County Circuit Court granted Smith's motion to nonsuit on April 30, 2012. Subsequently, Smith filed the current action in Pope County, Arkansas, against the respondents on May 7, 2012, which was removed to federal court on August 18, 2012. In pertinent part, Smith asserts retaliation claims against her former employer, ConAgra, and against her former supervisor, Steen, individually, pursuant to Ark. Code Ann. § 16-123-108 (Supp. 2011) of the Arkansas Civil Rights Act ("ACRA"). Smith alleged she was terminated in February or March of 2010 after seeking an accommodation.

After removing the case to federal court, respondents filed a motion to dismiss the retaliation claims as barred by a one-year statute of limitations. Respondents argued that although section 16-123-108 does not provide an explicit limitation period for employment-related retaliation claims, the one-year statute-of-limitations period pursuant to Ark. Code Ann. § 16-123-107(c)(3) (Supp. 2011) of the ACRA, established by the 1993 General Assembly, should apply. Smith argued that the three-year statute-of-limitations period applied pursuant to Ark. Code Ann. § 16-56-105 (Supp. 2011). On February 4, 2013, the United States District Court for the Eastern District of Arkansas filed a certification order, requesting this court to accept the certified question to decide the appropriate statute-of-limitations period applicable to section 16-123-108 retaliation claims. After we accepted the certified question, all parties filed briefs, and the Arkansas State Chamber of Commerce, the Arkansas



Hospitality Association, and the Associated Builders and Contractors of Arkansas (as amici curiae) filed a brief as well.

The certified question presents an issue of statutory construction. Our rules regarding statutory construction are clear and well established. The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id*. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id*. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Williams v. Little Rock Sch. Dist.*, 347 Ark. 637, 66 S.W.3d 590 (2002). A statute is considered ambiguous if it is open to more than one construction. *Pulaski Cnty. v. Arkansas Democrat-Gazette, Inc.*, 370 Ark. 435, 260 S.W.3d 718 (2007). When a statute is ambiguous, we must interpret it according to legislative intent, and our review becomes an examination of the whole act. *Helena-W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 580, 268 S.W.3d 879, 884 (2007). In reviewing the act in its entirety, we will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Williams*, *supra*. In addition, we must look at the legislative history, the language, and the subject matter involved. *Id*.

Section 16-123-108 was added to the ACRA by the 1995 General Assembly and provides in pertinent part:

> (a) RETALIATION. No person shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.
> . . . .
> (c) REMEDIES AND PROCEDURES. The remedies and procedures available in § 16-123-107(b) shall be available to aggrieved persons for violations of subsections (a) and (b) of this section.

The section 16-123-107(b) remedies and procedures specifically referenced in section 16-123-108 provide, "Any person who is injured by an intentional act of discrimination in violation of subdivisions (a)(2)–(5) of this section shall have a civil action in a court of competent jurisdiction to enjoin further violations, to recover compensatory and punitive damages, and, in the discretion of the court, to recover the cost of litigation and a reasonable attorney's fee."

Petitioner now argues before this court that a five-year statute-of-limitations period applies pursuant to the "catch-all" contained in Ark. Code Ann. § 16-56-115 (Supp. 2011) or alternatively, that a three-year statute-of-limitations period applies pursuant to Ark. Code Ann. § 16-56-105 (Supp. 2011), since section 16-123-108 fails to provide a limitations period. In *Kassees v. Satterfield*, 2009 Ark. 91, 303 S.W.3d 42, we offered the following guidance in determining which period of limitations applies:

> When making a determination about what statute of limitations applies in a case, the court must look to the facts alleged in the complaint itself to ascertain the area of law in which they sound. If two or more statutes of limitations apply to a cause of action, generally the statute with the longest limitation will be applied. However, we look to the *gist* of the action to determine which statute of limitations to apply.

*Kassees*, 2009 Ark. 91, at 5, 303 S.W.3d at 44–45 (emphasis added) (citations omitted).

It is undisputed that the claims at issue are filed pursuant to the provisions in section 16-123-108. Although we have not decided this issue, the Arkansas Court of Appeals faced a similar issue in *Crites v. Cowan*, 2011 Ark. App. 11, as the federal court recognized in its certification order. There, appellant's section 16-123-108 retaliation claim would have been untimely if either a one-year or three-year limitations period applied but not if a five-year limitations period applied. The court of appeals did not determine whether a one- or three-year period was proper, since such a determination was not necessary. However, the court found,

> [E]ven if the one-year statute of limitations contained within the Arkansas Civil Rights Act itself did not apply, claims of retaliation are still dependent upon the rights created by section 16-123-107, and the three-year period of limitations contained in section 16-56-105 has been applied to liabilities that exist only by statute. *See Chalmers v. Toyota Motor Sales*, 326 Ark. 895, 935 S.W.2d 258 (1996); *Winston v. Robinson*, 270 Ark. 996, 606 S.W.2d 757 (1980); *see also Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466 (8th Cir.2008). The "catch-all" limitations of section 16-56-115 would not be applicable when there are two, more appropriate limitations periods available.

*Crites*, 2011 Ark. App. 11, at 2. We agree with this analysis that a section 16–56–105 three-year limitations period would apply to retaliation claims rather than the section 16-56-115 five-year "catch-all."

Respondents contend that a one-year limitations period should apply based on the fact that there is a limitations period found for another type of ACRA claim in section 16–123-107(c)(1)(A). As support, respondents argue that the plain language of the ACRA produces an absurd result for employment-based-retaliation claims. Respondents contend that the

5

SLIP OPINION

legislature did not intend for employment-based-retaliation claims to have different remedies and procedures, including a different limitations period, than those of employment-based-discrimination claims, and that this court should interpret the provisions of section 16-123-107(c) to apply to these claims despite the clear language in section 16-123-108(c) that section 16-123-107(b) applies.  We do not find this argument to have merit.

Where the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation.  *Williams*, *supra*.  This court has held that policy concerns should be addressed by the legislature and that this court should not interpret a statute to say something that it clearly does not.  *King v. Ochoa*, 373 Ark. 600, 285 S.W.3d 602 (2008).  Furthermore, we have already recognized that the legislature intended there to be some important distinctions between retaliation and employment-discrimination claims.  *See Calaway*, *supra*.  For example, only the *employer* is subject to liability for employment discrimination in section 16-123-107(c)(1)(A), while a *person*, including "a human being or an entity that is recognized by law as having the rights and duties of a human being," is subject to liability in section 16-123-108(a).  *Calaway*, 2010 Ark. 432, at 4. (emphasis added).  Additionally, after reviewing the statute's plain language, we find that the legislature provided that different remedies and procedures should be applied to retaliation claims than those for employment-based-discrimination claims under section 16-123-107(a)(1).  Therefore, the legislature by its very wording intended the two types of claims to be distinct from one another.  Thus, we find that the three-year statute-of-limitations



period provided in section 16-56-105 applies to retaliation claims filed pursuant to section 16-123-108.

Certified question answered.

*Sutter & Gillham, PLLC*, by: *Luther Oneal Sutter*, for petitioner.

*Husch Blackwell, LLP*, by: *Josef S. Glynias* and *Brittany M. Elms*, for respondents.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *J. Bruce* Cross and *Carolyn Witherspoon*, amicus curiae for The Arkansas State Chamber of Commerce, The Arkansas Hospitality Association, and The Associated Builders and Contractors of Arkansas in support of respondents' brief.