Robin F. Wynne, Justice, dissenting. Because I believe that the majority’s decision in this case effectively abolishes an entire code section, I respectfully dissent. The statute at issue, Arkansas Code Annotated section 18-44-115, requires a residential contractor to give the notice recited in the statute to the owner of the residential real estate before beginning work on the property. Ark.Code Ann. § 18-44-115(a)(3) (Repl. 2015). It is undisputed that in this case that did not happen. The statute also states that if the notice is not given, no lien on the property may be acquired. Ark.Code Ann. § 18-44-115(a)(1). There is an exception to the notice requirement in the case of a “direct sale.” Ark.Code Ann. § 18-44-115(a)(8)(A). The statute defines a direct sale as existing “only if the owner orders materials or services directly from the lien claimant.” Ark.Code Ann. § 18-44-115(a)(8)(B). |aFor the purposes of the applicable sub-chapter, a contractor is defined as “any person who contracts orally or in writing directly with a person holding an interest in real estate, or such person’s agent for the construction of any improvement to or repair of real estate.” Ark.Code Ann. § 18-44-107(1) (emphasis added). Thus, by definition, a property owner’s dealings with a general contractor, such as Hammerhead, are always going to fall within the direct-sale exception. The majority states that this is of no moment. I disagree. The majority’s interpretation effectively writes the statute out of the Arkansas Code, as there is no situation in which a general contractor will not be sheltered by the direct-sale exception. Under the majority’s view, there is simply no requirement for a general contractor to ever concern itself with giving the notice that it is statutorily required to give. The majority states that “the plain wording of the statute is clear.” However, the majority’s application of the plain wording renders the statute internally inconsistent such that the exception now swallows the rule. In interpreting statutes, we are required to reconcile different provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. See Smith v. ConAgra Foods, Inc., 2013 Ark. 502, 431 S.W.3d 200. The majority has not done this. Instead, the majority has read the direct-sale exception in isolation and nullified the remainder of the statute. Reading the statute as a whole, it is clear to me that the direct-sale exception was meant to apply to situations in which a potential lien claimant other than the residential contractor has contracted directly with the property owner to provide materials or services. In that instance, it is not necessary for the residential contractor to advise the property owner of the potential for liens by parties unknown to the | Tnproperty owner, because the property owner would be aware of their existence through having directly contracted with them. This interpretation of the statute gives effect to every part and helps to protect property owners from finding liens placed on their property by unknown parties, as the legislature intended in enacting the statute. Because appellants failed to give the statutorily-required notice, and because there is no evidence that the direct-sale exception should apply, I would affirm the circuit court’s finding that appellants’ failure to give the required notice is fatal to their lien. For these reasons, I respectfully dissent. Goodson and Wood, JJ., join.