# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30216

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2018

Lyle W. Cayce
Clerk

DAMIEN FORD,

Plaintiff-Appellant

v.

JOHN DOE, Editor in Chief/Senior Editor; JANE DOE; K T B S,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1608

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Damien Ford, Arkansas prisoner # 143035, moves for leave to proceed in forma pauperis (IFP) in his appeal of district court's dismissal of his suit as untimely with respect to his state law claims and for failure to state a claim under 42 U.S.C. § 1983 on which relief could be granted. His motion to file a supplemental brief is GRANTED. By filing his motion to proceed IFP, Ford challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Ford has not shown that he has a nonfrivolous appellate claim. He does not address the district court's conclusion that his § 1983 claims failed because he did not name state actors as defendants. He has thus waived any challenge he may have had to this determination. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For Ford's state law claims, we look to state law governing limitations. *See Cruz v. Louisiana ex rel. Dep't of Pub. Safety and Corr.*, 528 F.3d 375, 378 (5th Cir. 2008); *Fluor Eng'rs & Constructors v. So. Pac. Transp. Co.*, 753 F.2d 444, 448 (5th Cir. 1985). Ford's argument that his state law claims should be considered timely because he filed suit soon after he obtained a copy of the article is unavailing because he has not alleged fraud, *see Kassees v. Satterfield*, 303 S.W.3d 42, 45 (Ark. 2009), nor has he shown that he acted reasonably, *see Alexander v. La. State Board of Private Investigator Examiners*, 211 So. 2d 544, 562 (La. Ct. App.) , *cert. denied*, 221 So. 3d 855 (La. 2017). Because Ford has not shown that the district court erred in certifying that his appeal was not taken in good faith, his IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202; 5th Cir. R. 42.2. His motion to correct is likewise DENIED.

This dismissal and the district court's dismissal each count as a "strike" under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Ford has another strike in *Ford v. Ward*, No. 5:16-cv-340, 2016 WL 6476947 (E.D. Ark. Oct. 31, 2016). As he has now accumulated three strikes, Ford is BARRED

No. 17-30216

from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).