Cite as 2020 Ark. App. 436

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–20–21

| | | |
|---|---|---|
| SARAH CATER | APPELLANT | **Opinion Delivered:** September 23, 2020 |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60PR-19-1630] |
| V. | | |
| EDWIN SLATER | APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | | REVERSED AND REMANDED |

## MIKE MURPHY, Judge

Sarah Cater appeals from the order of Pulaski County Circuit Court denying her petition to adopt her biological child, B.S. On appeal, Cater asserts that the circuit court's denial was an erroneous application of Arkansas Code Annotated section 9-9-204 (Supp. 2019).[1] We reverse and remand for consideration of the adoption petition on the merits.

Cater filed her verified petition for adoption on August 1, 2019, wherein she requested that she be allowed to adopt her son, B.S., born in 2017. Appellee Edwin Slater, B.S.'s biological father, did not consent to the adoption. Cater alleged that Slater's consent was not necessary because he, without justifiable cause, failed to significantly communicate with or provide for the care and support of B.S. Despite having been properly served, Slater

---

[1]No appellee's brief was filed in this case.

did not file a response. A final hearing was conducted on September 24 wherein the only witnesses were Cater and Slater.[2] Following the hearing, the circuit court entered an order denying the petition for adoption "based upon the fact that Petitioner is not married, and therefore there is no step-parent presented to take the place of Respondent."

For Cater's sole point on appeal, she asserts that the court erred in its application of Arkansas Code Annotated section 9-9-204 because the court's only basis for the denial of the adoption petition was that Cater was not married.

We review the record of an adoption proceeding de novo. *Ballard v. Howard*, 2018 Ark. App. 479, at 4, 560 S.W.3d 800, 802. Adoption statutes are to be strictly construed and applied. *In re Adoption of M.K.C.*, 373 Ark. 603, 604, 285 S.W.3d 605, 606 (2008).

Arkansas Code Annotated section 9-9-204(3) permits an unmarried parent to adopt his or her biological child. There are two instructive cases concerning section 9-9-204(3): *King v. Ochoa*, 373 Ark. 600, 285 S.W.3d 602 (2008), and *In re Adoption of M.K.C.*, 373 Ark. 603, 285 S.W.3d 605. In *King*, the appellant filed a petition to adopt his biological child, and the appellee, the biological mother, consented to the adoption. The circuit court ruled that King was not eligible to adopt his child because section 9-9-204(3) does not permit an unmarried natural father to adopt his own child. *King*, 373 Ark. at 601, 285 S.W.3d at 603. The circuit court also denied King's petition reasoning that granting the petition would terminate the financial responsibility of the biological mother. On appeal, the supreme court reversed and remanded for consideration of the adoption petition on the

---

[2]Slater represented himself below.

2

merits holding that the court erred in its interpretation of section 9-9-204. The court further held that the circuit court's policy concern that adoption would terminate the financial responsibility of the other parent should be addressed by the legislature. Lastly, the court noted that section 9-9-204 delineates only who may adopt and that all other requirements under the Uniform Adoption Act must still be met. *Id.* at 603, 285 S.W.3d at 605.

Likewise, in *M.K.C.*, appellant, an unmarried biological mother, filed a petition to adopt her child. The circuit court denied her petition explaining that while section 9-9-204(3) does not prohibit adoption of a child by the biological mother, appellant's petition should be denied for public-policy reasons. *In re Adoption of M.K.C.*, 373 Ark. at 604, 285 S.W.3d at 606. The supreme court reversed and remanded holding that the circuit court erred in its interpretation of section 9-9-204 for the reasons set forth in *King*.

Here, as in *King* and *M.K.C*, the circuit court failed to reach its conclusion based on the merits of the case. In its oral ruling, the circuit court indicated it had a policy against granting adoptions in these situations and that it was concerned about terminating Slater's financial commitment. The sole basis for the denial of the petition was that Cater was unmarried, and there was no stepparent to take the place of the biological father. Accordingly, we reverse the ruling of the circuit court and remand for consideration of the adoption petition on the merits.

Reversed and remanded.

GRUBER, C.J., and VAUGHT, J., agree.

*Robertson, Oswalt & Nony*, by: *Chris Oswalt*, for appellant.

One brief only.