MALONE *v.* HOLLY GROVE LUMBER COMPANY.

Opinion delivered April 11, 1921.

1. MECHANICS' LIEN—NOTICE TO OWNER.—The ten days' notice to the owner of the land provided for by Crawford & Moses' Digest, § 6917, where a person other than the original contractor wishes to avail himself of the mechanics' or materialman's lien, does not apply if the owner himself purchased the material or employed the labor.

2. MECHANICS' LIEN—EVIDENCE.—In a suit to recover for material furnished to erect a building, evidence held to sustain a finding that the material was sold directly to the owner, and not to the contractor.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Bogle & Sharp,* for appellant.

*S. S. Jeffries,* for appellee.

HUMPHREYS, J. Appellee, Holly Grove Lumber Company, a partnership composed of Rue Abromson and B. G. Wellborn, instituted suit against appellant in the Monroe County Chancery Court to recover judgment against him for material furnished to erect a building on lot 1 in block 9, in Blackton, Arkansas, and to enforce

a lien upon said property under act No. 146 of the Acts of the Legislature of 1895, securing liens to mechanics, laborers and others, upon property improved.

Appellant filed an answer, denying that appellees furnished him the material to erect the store building in question, and that he was entitled to a lien for same on the property in question.

The cause was submitted to the court upon the pleadings, the deposition of B. G. Wellborn and exhibits thereto attached, offered on behalf of appellee, and the deposition of J. V. Malone and a copy of a delivery receipt of the Missouri Pacific Railroad Company for certain materials, offered on behalf of appellant, from which the court found that appellant was indebted to appellee in the sum of $530.83 for material that entered into the construction of the building, and $57.18 for roofing that did not enter into the construction of said building, for which amounts judgment was rendered against appellant and a lien for $530.83 declared on said lot. This appeal is from the findings and decree, and the cause is here for trial *de novo*.

The facts, in substance, are as follows: Appellant owned the lot in question, and, in January, 1919, employed A. B. Carrier to construct a store building on the lot for either $1,000 or $1,100, with the understanding that the contractor was to furnish all labor and material. On January 23, the contractor called at the store of appellee, in the town of Holly Grove, and told B. G. Wellborn that he had an order for him. He gave B. G. Wellborn a list of the material, and, without inquiry as to the price, told him to ship it to J. V. Malone at Blackton, Arkansas. The bill of material was charged on the books and shipped to appellant at Blackton on the 23d day of Janaury, and arrived there on the 25th. Appellant signed a delivery receipt to the railroad company for the material, which showed on its face that he was the consignee and that it was waybilled from Holly Grove. The material was used in the construction of the store building on the lot in question. On January 28,

a one-sixth flue thimble for the building was mailed and charged to appellant. On March 1, a front for the store building was sold to appellant by W. K. Wellborn, who was at the time salesman for appellee, which was charged to appellant on the books by appellee and shipped to him directly from Little Rock. In response to a statement of the entire account mailed to appellant by appellee, he wrote the following letter on April 9, 1919:

"Mr. Wellborn: I am enclosing you a check for the roofing and front that I bought from you, hoping this will be satisfactory. Now, in reference to the car of lumber: If you sent me a statement, I don't know anything about that. I never bought any lumber from you. If it is the car of lumber that Carrier sent here, a part of it is here, some of it was used in my house, and the balance left here, so if that is what you sent statement here for, you can get it any time. It was so sorry that I would not allow it to go into the house. I will try to go down to Holly Grove as soon as I can and see you about this.

"Yours respectfully,    J. V. Malone."

On April 21 thereafter, B. G. Wellborn wrote to appellant as follows: "Mr. J. V. Malone, Blackton, Ark. Dear Sir: We are holding your check with the memorandum statement, as you said you were coming down in a few days, but, for fear that you have been so busy at this time, we thought best to write about it, so as not to have any misunderstanding. You failed to enclose paid expense bill for freight charges on the front, which is very necessary for us to have to get proper credit from the shipper. You also deducted for extra lumber that was used in the front, and this extra lumber that was needed, as your carpenter explained, was shipped by us without any charge to you whatever. You deducted for hinges, which is as agreed, also the five per cent. is all right. Now, you say that you don't know anything about the other lumber, some you could not use; we would be glad to have you ship that back to us and we will credit your account, or as it will cost us about five dollars a thousand to have this shipped here, we will deduct this

charge per thousand feet if you could use this, and send
me a check to balance the account.

"B. G. Wellborn."

The lien of appellee was filed in the clerk's office
on the 18th day of May, 1919, and the suit to enforce the
lien was commenced on the 28th day of January, 1920.
No notice of the intention to file the lien was given to
appellant.

B. G. Wellborn testified that he sent appellant an
invoice of the materials and monthly statement of the
bill, the receipt of which was not acknowledged until
April 9, as per letter heretofore set out.

Appellant testified that he received no invoice for
the goods and no monthly statements of account from
appellee, except the statement of April 1, to which he
replied on April 9; that he advanced the money to his
contractor to pay the freight on the car of materials, but
had nothing to do with it himself, being of the opinion
that his contractor had purchased and shipped them in
himself; that he settled with his contractor in full by
paying him more than the contract price; that the con-
tractor informed him that he had bought the materials
at Heber Springs; that the only items he purchased from
appellee were a store front and paper roofing, and that
he sent a check to appellee to cover the amount on April
9, which appellee refused to present for payment.

Appellant contends for a reversal of the decree on
the ground that appellee failed to give the ten days' no-
tice to appellant before filing the lien in accordance with
the requirement of section 6917 of Crawford & Moses'
Digest. The notice to the owner of the land provided
for in the statute does not apply if the owner himself
purchased the material, or employed the labor. The is-
sue presented to and determined by the chancery court
was whether, in the capacity of contractor, A. B. Carrier
purchased the material, or whether, as agent, he placed
the order with appellee for appellants. The chancellor
found that the material was sold to appellant by order
of A. B. Carrier. He based this finding upon the evidence

of B. G. Wellborn, corroborated by the delivery receipt to the railroad company signed by appellant, which showed on its face that appellant was the consignee and that the material was waybilled at Holly Grove. The fact that the material was charge to, shipped to, and received by, appellant and the testimony that an invoice and monthly statements were sent to appellant are strong corroborative circumstances that it was sold directly to said appellant on the order of A.· B. Carrier. It can not be said by us, after a very careful consideration of the whole evidence, that the finding of the chancellor was contrary to a clear preponderance of the testimony.

The decree is therefore affirmed.