Herbert DUNCAN and Silersteen DUNCAN *v.*
DAVIS AND EARNEST, INC. d/b/a DAVID DISCOUNT
AND GENERAL SHEET METAL CO.

84-261                                                685 S.W.2d 509

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*James C. Cole,* for appellant.

*G. Christopher Walthall,* for appellee.

DAVID NEWBERN, Justice. Davis and Earnest, Inc., hereafter referred to as "Davis," claims a materialman's lien on property owned by the Duncans. The notice required by Ark. Stat. Ann. § 51-608.1 (Supp. 1983) to be given by the materialman to the owner prior to supplying material, and ordinarily necessary to perfection of the lien, was not given. Davis claimed, and the trial court held, that the notice was not required because the transaction or transactions fell within an exception to the notice requirement. The exception is created by Ark. Stat. Ann. § 51-608.5 (Supp. 1983) in the case of a "direct sale" by the materialman to the property owner.

The question on this appeal is whether the determination that the statutory exception to the notice requirement applied was clearly erroneous, i.e., clearly against the preponderance of the evidence. As we are required to interpret the statute, our jurisdiction arises under Arkansas Supreme Court and Court of Appeals Rule 29 1. c.

The statute, § 51-608.5, provides that the notice requirement of § 51-608.1 does not apply if there is a direct sale by the materialman to the property owner. It further provides that "[a] sale shall be a direct sale only if the owner or his authorized agent personally orders such materials from the lien claimant."

The chancellor's findings were that the notice was not required because the Duncans had dealt personally and directly with Davis. The judgment says Davis ". . . by virtue of its direct contact with the defendants, has availed itself of the statutory exception to the requirement for notice. . . ." However, the primary position of Davis in this appeal is that the Duncans made their builder, Leard Burks, their "authorized agent" and thus entitled Davis to the exception to the notice requirement. As there was no finding on the agency point by the trial court, we assume Davis is asking us to say the chancellor reached the correct result for the wrong reasons and should be affirmed notwithstanding the reason given.

We will first explore whether the findings of the

chancellor were clearly against the preponderance of the evidence and then whether the record supports Davis's "authorized agent" theory.

## 1. Direct Dealing

The Duncans hired Burks to build a house in Hot Spring County while they continued to reside in Ohio, making occasional visits to Arkansas.

The evidence of direct dealing between Davis and the Duncans cited by Davis was that the Duncans went to the store several times and picked out some items to be used in the construction of their home. Davis contends that the Duncans "ordered" the items, but the very exhibit to which they point to support the contention is just a list made by a Davis employee of items such as a bathtub, sink and windows. It contains no prices or delivery specifications. The only name on the paper is "L. Burks," the builder.

There was also testimony that on the occasion of selecting the materials Mr. Duncan left his business card with a Davis employee, saying to let Burks have whatever was needed and to call him in the event of a problem and that "money is no problem."

By contrast, the Duncans' Exhibit 3 consists of twelve invoices totaling $11,992.31, the amount of the lien sought. On each of the invoices, the customer's name is shown to be Leard Burks. All but one show delivery to Leard Burks or a carpenter on the job, and the one exception does not show who the recipient was.

A Davis employee testified he gave the statutory lien notice form to Burks to be signed by the Duncans but that it was not returned. Mr. Duncan testified he had refused to sign the form.

The trial court's finding that Davis dealt directly with the Duncans is clearly against the preponderance of the evidence. All of the documents show Burks was their customer. The mere act of picking out items to be supplied

to Burks is no evidence that the Duncans placed an order with Davis. Had Davis thought it was dealing directly with the Duncans surely the Duncans rather than Burks would have been billed for the materials, but that was not the case. We find the clear preponderance of the evidence shows Burks was Davis's customer, having been engaged to build a house for the Duncans as an ordinary contractor. If Davis planned to assert a lien on the property, it should have complied with the clear statutory notice requirement by obtaining a signed notice form.

## 2. Authorized Agent

The testimony of a Davis employee that Mr. Duncan told him to let Burks have whatever was needed is some evidence showing an agency existed. However, in view of the already recited overwhelming evidence that Davis regarded Burks as its customer and not as agent for the Duncans, we are disinclined to go beyond the trial court's findings on this record to say the notice requirement did not apply.

The statutory notice requirement and exception scheme enacted in 1979 is apparently in some measure a codification of the earlier common law. In *Malone* v. *Holly Grove Lumber Co.*, 148 Ark. 242, 229 S.W. 716 (1921), the question whether a builder was an agent of the property owner for purposes of the materialman's lien arose. There we were dealing with the ten-day notice requirement contained in § 51-608. We said the notice requirement does not apply if the owner himself purchased the material. We upheld the chancellor's determination that purchases had been made by a builder as agent for the owner and thus the purchases were by the owner and the notice was not required. We said,

> . . .[t]he fact that the material was charged to, shipped to, and received by, appellant [the property owner] and the testimony that an invoice and monthly statement were sent to appellant are strong corroborative circumstances that it was sold directly to said appellant on the order of [the builder]. . . .[148 Ark. at 246, 229 S.W. at 717]

In this case, none of those factors were present. Quite the contrary is shown by the record.

## Conclusion

We find the evidence of agency, when compared with evidence that Burks was an independent contractor and the customer of Davis, insufficient for the exercise of our de novo review power to reach a factual determination different from that of the chancellor but in support of the result he reached.

We hold the chancellor's finding that Davis dealt directly with the Duncans is clearly erroneous, i.e., clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a), *City of Little Rock* v. *Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981).

Reversed.