SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–14–9

| | |
|---|---|
| MAURICE R. LIPSEY, WILLIAM LARRY COX, AND CONNIE L. COX<br>APPELLANTS<br><br>V.<br><br>KAREN GILES<br>APPELLEE | **Opinion Delivered** June 26, 2014<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. CV-2011-223-4]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants Maurice R. Lipsey, William Larry Cox, and Connie L. Cox, appeal the order entered by the Cleburne County Circuit Court dismissing their class-action complaint for injunctive and other relief filed against appellee Karen Giles, in her official capacity as Cleburne County Circuit Court Clerk. For reversal, appellants contend that the circuit court erred in dismissing their complaint, sua sponte, based on a lack of damages. Appellants also contend that the circuit court erred in dismissing the complaint because Arkansas law recognizes the ability of a court to enjoin the actions of a state agency or official if their actions are ultra vires. The order dismissing appellants' complaint is a final judgment or decree pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1). This court's jurisdiction is proper as this case involves an issue of substantial public interest relating to the recording of oil-and-gas leases in Cleburne County. Ark. Sup. Ct. R. 1–2(b)(4). Because we conclude that the circuit court improperly dismissed appellants' complaint sua sponte, we

 

reverse and remand.

Appellants filed a class-action complaint requesting an injunction and other relief on October 31, 2011. The complaint alleges that Giles, along with Cleburne County Circuit Court Deputy Clerks Heather Smith and Wanda Jensen, falsely and fraudulently notarized oil-and-gas leases outside the presence of the landowners. According to the complaint, landmen, who were procuring leases for oil-and-gas companies, would obtain the signatures of landowners on the leases and then deliver the leases en masse to the clerk's office. There, the clerks would notarize the signatures and then record the leases, although the clerks had not witnessed the landowners' signing the leases.[1] The complaint requested that the court grant an injunction to require Giles to "inspect and verify each and every oil and gas lease received for recording and determine if the notarial acknowledgment is accurate, true, and correct." Appellants further requested that the court enjoin Giles "to purge any and all oil and gas leases which contain a false notarial acknowledgment." Finally, the complaint requested costs and attorney's fees.

On November 30, 2011, Giles filed an answer to the complaint and a motion to dismiss. In her motion to dismiss, Giles asserted that the complaint failed to state facts upon which relief can be granted pursuant to Arkansas Rule of Civil Procedure 12(b)(6), failed to join necessary parties including the lessee oil companies, the operators of the drilling units, and the Arkansas Oil and Gas Commission, and that the complaint failed to meet the requirements

---

[1]Although appellants contend that the leases were fraudulently notarized, there is no allegation that appellants' leases were procured fraudulently or illegally.

for class-action certification. Finally, Giles asserted the defense of sovereign immunity.

Appellants filed an amended complaint on December 12, 2011, contending that they had been "damaged and harmed by the practice of falsifying notarial acknowledgments," and that they "rely on the Cleburne County Circuit clerk to accept for filing only validly executed documents which are not falsified and fraudulent." Appellants also filed a response to Giles's motion to dismiss on that same date. Subsequently, on December 21, 2011, Giles filed an amended motion to dismiss. In her amended motion, Giles contended that appellants had no standing to bring the action because they have incurred no harm as a result of the allegations in the complaint. She further asserted that the complaint stated no facts upon which she could be found liable to appellants and again requested that the complaint be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6). Appellants filed an answer to the motion to dismiss on January 24, 2012. Giles then filed an answer to the amended complaint on May 4, 2012.

After discovery had begun, appellants filed a motion for an injunction on May 23, 2012. Giles filed an answer to the motion for an injunction two days later. After briefing from the parties regarding the circuit court's authority to grant the relief requested, the court held a hearing on appellants' motion for injunction on August 12, 2013. During the hearing, the circuit court questioned appellants concerning their damages in the following colloquy:

> THE COURT: Then what damage [have] your clients suffered that would require anymore time of this Court in a case like this?
>
> PLAINTIFFS' COUNSEL: Well, the issue is this. My clients are residents of Cleburne County. And they rely on these records just as everybody else does. And so does

everyone else in Cleburne County. That's why we filed this as a class action. And that is the damages. Ms. Giles has said herself, in her deposition, under oath, that her records are now unreliable. That nobody can rely on them because they don't know which things were properly—you know, my clients did enter into leases. And they—there was no coercion. The Court is correct about that. Now, all the other ones, we don't know whether the people were of firm mind. Whether they knew what they were doing. Whether somebody just put their name on the thing and went down there and had it notarized. That's why we brought this as a class. But the damage is, is the disarray that the county's records are in, Your Honor. And as residents they're entitled to be able to rely on them.

After that, the circuit court announced that "with the admission that none of the plaintiffs have been damaged . . . I'm going to, on my own motion, I'm dismissing this case." On September 18, 2013, the circuit court filed a written order. In its written order, the circuit court made the following findings: "(1) The Court finds that the Plaintiffs have suffered no damages; and (2) The Court, sua sponte, dismissed the Plaintiffs' Complaint." The court also incorporated its oral ruling by attaching a transcript of the hearing to its written order. On appeal, appellants contend that the circuit court erred in dismissing their complaint, sua sponte, for lack of damages. They further contend that the court has the authority to enjoin ultra vires acts by a state agency or official.

We begin our analysis by determining the appropriate standard of review. Appellants contend that the circuit court dismissed their complaint after considering matters outside the pleadings. They assert, therefore, that this court should treat the court's order as a granted motion for summary judgment. Giles, however, contends that the circuit court dismissed the complaint pursuant to Rule 12(b)(6), which she cited in her motion to dismiss. Giles contends that this court should apply the abuse-of-discretion standard on review.

4

SLIP OPINION

It is well settled that a motion to dismiss is converted to a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court. *Koch v. Adams*, 2010 Ark. 131, 361 S.W.3d 817. Here, the court explicitly stated that it dismissed the appellants' complaint after a hearing on the motion for injunction. Attached to that motion for an injunction were transcripts from Giles's, Smith's, and Jensen's depositions. In addition, the court incorporated the transcript from the hearing in which it relied on statements from counsel that appellants' leases were not fraudulent. Moreover, both parties relied on the depositions attached to appellants' motion for injunction during the hearing. Because it is clear to this court that the circuit court considered matters outside the pleadings in making its ruling, we treat the court's dismissal as a granted motion for summary judgment.

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Koch*, *supra*. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788. This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Kyzar v. City of W. Memphis*, 360 Ark. 454, 201 S.W.3d 923 (2005). Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. While we have recognized that summary judgment is simply one of the

SLIP OPINION

tools in a trial court's efficiency arsenal; we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to a day in court, i.e., when there is not any genuine remaining issue of fact and the moving party is entitled to judgment as a matter of law. *Flentje v. First Nat. Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). Moreover, we have held that, even when there is no material dispute as to the facts, the court will determine whether "reasonable minds" could draw "reasonable" inconsistent hypotheses to render summary judgment inappropriate. In other words, when the facts are not at issue but possible inferences therefrom are, the court will consider whether those inferences can be reasonably drawn from the undisputed facts and whether reasonable minds might differ on those hypotheses. *Id*. If so, summary judgment is not appropriate.

For their first point on appeal, appellants contend that the circuit court erred in dismissing their complaint sua sponte. We have recognized that it is error for a court to dismiss a complaint without a motion, hearing, or other evidence in support of the dismissal. *Matsukis v. Joy*, 2010 Ark. 403, 377 S.W.3d 245 (holding that the circuit court lacked authority to enter a sua sponte order of dismissal pursuant to Ark. R. Civ. P. 12(b)(6) where appellees never filed a motion seeking such a dismissal); *Country Pride Foods Ltd. v. Medina & Medina*, 279 Ark. 75, 77, 648 S.W.2d 485, 486 (1983) (holding it was error for the circuit court to dismiss the complaint sua sponte based on inconvenient forum, without hearing evidence, when there had been no motion to dismiss filed by either party).

In *Rogers v. Lamb*, 347 Ark. 102, 60 S.W.3d 456 (2001), this court held that the circuit

court erred in settling a case in favor of the plaintiff in the absence of any party's filing of a motion to dismiss or a motion for summary judgment. In that case, the plaintiff, Lamb, filed a petition for ejectment against the defendant, Rogers, who filed an answer and a counterclaim against Lamb. The circuit court held a preliminary hearing and received briefs from the parties, and it then, sua sponte, entered an order resolving the merits of the case in Lamb's favor. On appeal, Rogers made several arguments, including that the court erred in rendering its decision in the absence of an appropriate motion filed by either party. *Rogers*, 347 Ark. at 103, 60 S.W.3d at 457. This court agreed, noting that the trial court's sua sponte ruling deprived the parties of any opportunity to present evidence or witness testimony in support of their positions.

More recently, we concluded that the circuit court erred in dismissing a case pursuant to Rule 12(b)(6) because it converted the matter to a summary-judgment proceeding without putting the party whose complaint was dismissed on notice that they would need to meet the opposing party's proof with their own. *Matsukis*, *supra*. We stated that, "[g]iven notice of the court's intentions and an opportunity to rebut Appellees' proof with evidence of their own, Appellants might have been able to submit additional evidence that indicated that there remained a genuine issue of material fact." *Matsukis*, 2010 Ark. 403, at 11–12, 377 S.W.3d at 251. Because the circuit court's actions foreclosed that possibility, we held that the sua sponte dismissal of the complaint on summary judgment constituted reversible error.

In the present case, Giles filed motions to dismiss appellants' complaint and amended complaint pursuant to Rule 12(b)(6). Giles specifically alleged that the amended complaint

did not state any facts to show that appellants "have standing to bring this action, as they have incurred no harm as a result of the allegations in the Complaint." While appellants contend that Giles's motion to dismiss was "denied in its entirety," the record does not reflect any such ruling.[2] Giles's motion to dismiss was filed approximately nineteen months prior to the hearing. Approximately seven months before the hearing, the parties filed briefs on the issue of the circuit court's authority to grant the injunction. These briefs did not discuss the prior motion to dismiss or discuss the issue of damages. Furthermore, the preliminary hearing was set after appellants filed a motion for an injunction.[3] Thus, appellants had no notice that the circuit court was considering dismissing their complaint. During the hearing Giles did not mention or renew her motion to dismiss. Moreover, the circuit court's order dismissing the complaint clearly states that the dismissal is sua sponte and makes no reference to any other pending motions. The circuit court's sua sponte dismissal of appellants' complaint deprived them of their day in court, despite the fact that appellants maintained that there were disputed issues of fact outstanding, i.e., that they had suffered damages. Therefore, because appellants were not given notice of the court's intentions and had no opportunity to meet proof with

---

[2]The record reflects that the circuit court set a hearing date of February 27, 2012, on Giles's motion to dismiss. However, the record contains no transcript of a hearing held on that date nor does it contain any written order on Giles's motion to dismiss. A motion to dismiss is not subject to the "deemed denied" provisions of Arkansas Rule of Civil Procedure 59(b), which provides that a motion for new trial is deemed denied "if the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed . . . ."

[3]In her motion for a continuance, Giles indicated that the hearing concerned "the Motion for Injunction and Motions to Reopen/Reconvene Depositions." There is no mention of her motion to dismiss.



proof and show that a material issue of fact existed, we hold that the circuit court erred in dismissing their complaint sua sponte.

Because we reverse and remand on this point, we do not reach the remaining point on appeal. *See, e.g.*, *Hobbs v. Gordon*, 2014 Ark. 255, ___ S.W.3d ___.

Reversed and remanded.

*Deal, Cooper & Holton PLLC*, by: *John R. Holton*, for appellants.

*Eric Bray*; and *PPGMR Law, PLLC*, by: *Kimberly D. Logue*, for appellee.