SLIP OPINION

Cite as 2016 Ark. 124

# SUPREME COURT OF ARKANSAS

No. CV–15–785

| | |
|---|---|
| MAURICE R. LIPSEY, WILLIAM LARRY COX, and CONNIE L. COX<br><br>APPELLANTS<br><br>V.<br><br><br>KAREN GILES<br><br>APPELLEE | **Opinion Delivered** March 17, 2016<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CV-2011-223-4]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Maurice R. Lipsey, William Larry Cox, and Connie L. Cox appeal from an order of the Cleburne County Circuit Court granting summary judgment in favor of appellee Karen Giles on their complaint. They argue that the circuit court erred by granting summary judgment because (1) Giles failed to come forth with proof on their theories of damages and (2) they met Giles's lack of proof with proof of a question of material fact as to the existence of damages. As this court has previously heard an appeal in this case, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(7) (2015). We affirm the grant of summary judgment.

Appellants are property owners and holders of oil-and-gas leases in Cleburne County. Karen Giles is the Cleburne County Circuit Court Clerk. Appellants filed a class-action complaint in which they alleged that Giles and two of her deputies falsely and fraudulently

notarized oil-and-gas leases. Specifically, the complaint alleged that landmen, who were procuring the leases on behalf of oil-and-gas companies, obtained landowners' signatures on the leases and delivered them to the clerk's office, where the clerks notarized the signatures and recorded the leases, despite the fact that the clerks had not witnessed the landowners signing the leases. Appellants alleged that their leases were fraudulently notarized; however, they did not allege that their leases were fraudulently or illegally procured. Appellants sought an injunction requiring appellee to "inspect and verify each and every oil and gas lease received for recording and filing to determine if the notarial acknowledgment is accurate, true, and correct." Appellants sought to enjoin appellee to "purge any and all oil and gas leases which contain false notarial acknowledgments." Appellants also sought costs and attorney's fees.

After discovery had commenced, appellants filed a motion for injunction. During the hearing on the motion for injunction, the circuit court questioned appellants regarding their damages. After concluding that appellants had not been damaged, the circuit court dismissed the case on its own motion. Appellants appealed from the written order dismissing the case. This court reversed and remanded, holding that the sua sponte dismissal deprived appellants of notice and the opportunity to meet proof with proof and demonstrate that a material question of fact existed regarding whether they had suffered damages due to the allegations in the complaint. *Lipsey v. Giles*, 2014 Ark. 309, 439 S.W.3d 13.

Following remand of the case to the trial court, Giles filed a motion for summary judgment in which she alleged that appellants had failed to demonstrate that they had suffered

any damages as a result of the allegations in the complaint. Appellants opposed the motion and attached to their response an affidavit executed by Tom Ferstl, an attorney and certified appraiser. In the affidavit, Mr. Ferstl states that, in his opinion, the actions of Giles and the deputy clerks have had a "chilling effect" on property values in Cleburne County because buyers will be less likely to purchase property there knowing the uncertainty in the official county-property records. He further states that, in his opinion, appellants have been damaged by the inclusion of the fraudulently notarized leases in the county-property records. Following a hearing, the trial court entered an order in which it found that appellants had failed to show any damages as a result of Giles's purportedly unlawful act in recording their leases and granted the motion for summary judgment. This appeal followed.

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *See Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. A trial court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Id*. The burden of proof shifts to the opposing party once the moving party establishes a prima facie entitlement to summary judgment; the opposing party must demonstrate the existence of a material issue of fact. *Id*. After reviewing the evidence, the trial court should deny summary judgment if, under the evidence, reasonable minds could reach different conclusions from the same undisputed facts. *Id*.

Giles argued before the trial court that she was entitled to summary judgment because appellant failed to demonstrate how they were damaged by the alleged fraudulent

notarizations of certain oil-and-gas-leases, and the trial court agreed. On appeal, appellants argue that the grant of summary judgment by the trial court was in error because (1) Giles failed to produce proof that there were no damages and (2) the evidence shows that there exists a factual question regarding whether appellants have been damaged. Regarding the argument that Giles failed to produce proof of a lack of damages, the standard for summary judgment is whether the motion established a prima facie entitlement to summary judgment. In the motion and corresponding brief, Giles detailed how appellants had failed to provide any proof of damages due to the allegations in the complaint. This is sufficient to demonstrate a prima facie entitlement to summary judgment that would then require appellants to put forth proof of damages in order to defeat the motion. Thus, appellants' argument on that point has no merit.

Appellants next argue that the evidence they put forth created a question of fact as to whether they suffered damages as a result of the conduct alleged in the complaint. They are incorrect. To be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997). Appellants argue that the affidavit of Tom Ferstl showed that they suffered injury because of the "chilling effect" on their property values. However, the affidavit contains only conclusory statements on the issue of damages and does not rely on any facts to support the claim of a "chilling effect" on appellants' property values. Conclusory allegations are insufficient to create a factual issue in a summary-judgment situation. *Sundeen v. Kroger*, 355 Ark. 138, 133 S.W.3d 393 (2003). Appellants also contend that deposition

testimony by Giles and Deputy Clerk Heather Smith in which both state that residents have an interest in accurate records and Smith admits to notarizing leases outside the presence of the signatories supports their argument that they were damaged. However, the fact that residents expect accurate records and that Smith improperly notarized certain leases does not demonstrate that appellants have been damaged when they admit that their leases were legitimately executed. None of the evidence relied on by appellants creates a factual question on the issue of whether they sustained damages as a result of the actions alleged in the complaint. Therefore, the grant of summary judgment by the trial court was not in error and is affirmed.

Affirmed.

*Holton Law Firm, PLLC*, by: *John R. Holton*, for appellants.

*Eric Bray*; and *PPGMR Law, PLLC*, by: *Kimberly D. Logue*, for appellee.