SLIP OPINION

Cite as 2016 Ark. 162

# SUPREME COURT OF ARKANSAS

No. CV–15–894

|  |  |
|---|---|
| HAMMERHEAD CONTRACTING & DEVELOPMENT, LLC, AND BRANDON HOLMES | **Opinion Delivered** April 14, 2016 |
| | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. CV-2014-229-4] |
| APPELLANTS | |
| V. | HONORABLE TIM WEAVER, JUDGE |
| DALE LADD | |
| | REVERSED AND REMANDED. |
| APPELLEE | |

**JOSEPHINE LINKER HART, Justice**

Hammerhead Contracting & Development, LLC, and Brandon Holmes (Hammerhead), appeal from the grant of summary judgment in favor of Dale Ladd. Ladd had sued Holmes to remove a "Laborer's, Mechanic's, or Materialman's Lien" that Holmes had filed on behalf of his wholly owned limited-liability company (Hammerhead). Ladd had withheld payment of $101,676.82 that Hammerhead claimed it was owed. On appeal, Hammerhead argues that: (1) the circuit court erred in finding that the direct-sales exception to the residential-preconstruction notice requirement, codified at Arkansas Code Annotated section 18-44-115(a)(8), can never apply to a contractor—even though the plain language of the statute covers contractors; (2) the circuit court's interpretation of Arkansas Code Annotated section 18-44-115(a)(4) that bars contractors from exercising their constitutional right to redress wrongs in a court of law; and (3) the owner of an LLC can file a lien on the LLC's behalf. We accepted original appellate jurisdiction over this case in accordance with

SLIP OPINION

Arkansas Supreme Court Rule 1-2 because it involves construction of the Arkansas Constitution as well as an issue of first impression, an issue of substantial public interest, and statutory construction.

In January 2014, Ladd hired Hammerhead to build a house in Batesville, Arkansas. Under the agreement, Ladd agreed to pay $355,550. A further provision in the job estimate stated that "prices will not change unless upgrades are requested by the buyer." It is not disputed that prior to beginning construction, Hammerhead did not provide Ladd with the statutory notice provided for in Arkansas Code Annotated section 18-44-115.

A dispute arose regarding the amount owed for the construction of Ladd's home. According to Hammerhead's records, Ladd paid more than $370,000 through August 2014, but Ladd contends that he paid more. As noted previously, Hammerhead asserted that Ladd owed an additional $101,676.82, and on September 23, 2014, Holmes filed a "Laborer's, Mechanic's, or Materialman's Lien" for that amount on behalf of the LLC.

On October 2, 2014, Ladd filed suit against Holmes to remove the lien. On January 22, 2015, Hammerhead filed an amended complaint against Ladd seeking judgment for the $101,676.82. Ladd moved to dismiss, asserting that the failure to give statutory notice required by Arkansas Code Annotated section 18-44-115 (Repl. 2015) barred Hammerhead from pursuing his cause of action. Hammerhead responded to the motion to dismiss, continuing to assert that it was not required to give notice because it was a direct sale and additionally asserting that subsection (a)(4) in section 18-44-115 was unconstitutional. Hammerhead and Ladd moved for summary judgment. The cases were consolidated on May

26, 2015.

In his summary-judgment motion, Ladd asserted that Hammerhead had failed to give him the notice required by Arkansas Code Annotated section 18-44-115. Quoting section 18-44-115(a), Ladd argued that the plain wording of the statute barred Hammerhead from acquiring a lien on his home. The statute states in pertinent part,

> (a)(1) No lien upon residential real estate containing four (4) or fewer units may be acquired by virtue of this subchapter unless the owner of the residential real estate, the owner's authorized agent, or the owner's registered agent has received, by personal delivery or by certified mail, a copy of the notice set out in this subsection.
> . . . .
>
> (3) It shall be the duty of the residential contractor to give the owner, the owner's authorized agent, or the owner's registered agent the notice set out in this subsection on behalf of all potential lien claimants before the commencement of work.
>
> (4) If a residential contractor fails to give the notice required under this subsection, then the residential contractor is barred from bringing an action either at law or in equity, including without limitation quantum meruit, to enforce any provision of a residential contract.

Ladd further argued that he anticipated that Hammerhead might assert that he was not required to give notice under the "direct sale" exception found in section 18-44-115(a)(8)(A):

> (8)(A) If the residential contractor supplies a performance and payment bond or if the transaction is a direct sale to the property owner, the notice requirement of this subsection shall not apply, and the lien rights arising under this subchapter shall not be conditioned on the delivery and execution of the notice.
>
> (B) A sale shall be a direct sale only if the owner orders materials or services from the lien claimant.

Even so, Ladd asserted that, given the statutory definition of "contractor" in Arkansas Code Annotated section 18-44-107(1), "'contractor' means any person who contracts orally or in writing directly with a person holding an interest in real estate, or such person's agent, for the

construction of any improvement to or repair of real estate," there was no "conceivable" scenario in which any transaction between a homeowner and a contractor would not be a direct sale. According to Ladd, that construction of the statute would "lead to an absurd result" and defeat the "plain purpose" of the law, which required that contractors give customers notice of the potential for a lien to be filed. He claimed that under Hammerhead's interpretation of the statute, section 18-44-115(a)(1) would be rendered "superfluous."

Hammerhead opposed Ladd's summary-judgment motion, asserting that there was a genuine issue of material fact as to whether notice was required by section 18-44-115. Citing *National Lumber Co. v. Advanced Development Co.*, 293 Ark. 1, 732 S.W.2d 840 (1987) and *Duncan v. Davis & Earnest, Inc.*, 285 Ark. 143, 685 S.W.2d 509 (1985), it asserted that in determining whether notice was required, it is necessary to consider whether the materials and services were "charged to, shipped to, and received by" Ladd and whether the invoices and monthly statements were sent to Ladd in determining if there was a direct sale.

In deciding whether to grant summary judgment, the circuit court concluded that it had three issues before it: (1) whether a general contractor, who did not provide predelivery notice, as required by Arkansas Code Annotated section 18-44-115(a), is entitled to assert a materialman's lien pursuant to Arkansas Code Annotates sections 18-44-101 et seq.; (2) whether a general contractor, who did not provide predelivery notice, is barred from bringing an action to enforce the terms of a residential contract; and (3) whether Arkansas Code Annotated section 18-44-115(a)(4)'s bar against suit by a contractor who failed to provide the statutory notice is unconstitutional.

At the summary-judgment hearing, Ladd conceded that his dealings with Hammerhead was a direct sale. Accordingly, there was a general agreement between the parties and the circuit court that was the factual predicate for the case. Nonetheless, Ladd asserted that the case had to be resolved as a matter of law through the circuit court's construction of section 18-44-115.

The circuit court found that "there exists no conceivable scenario in which, by definition, any transaction between a homeowner and contractor would not be a direct sale." It rejected Hammerhead's contention that it was exempted from the notice requirement because "it was this court's duty to reject any interpretation of the statute that would lead to such absurdity or defeat the plain purpose of the law." It further found that exempting Hammerhead from the notice requirement would render section 18-44-115(a)(1) "superfluous" because a general contractor would never be required to give notice as a condition precedent to obtaining a lien on the property. The circuit court concluded that the different provision of section 18-44-115 could be reconciled by finding that the direct-sales exception applied only to subcontractors. The circuit court granted Ladd's motion to dismiss Hammerhead's complaint because it lacked standing to bring the action due to its failure to give the notice required by section 18-44-115. The circuit court also granted Ladd's summary-judgment motion and ordered the lien canceled. Finally, relying on *Central Oklahoma Pipeline, Inc. v. Hawk Field Services, LLC*, 2012 Ark. 157, 400 S.W.3d 701, the circuit court that found section 18-44-115(a)(4) is constitutional. Hammerhead timely appealed.

On appeal, Hammerhead first argues that the circuit court erred in finding that the direct-sales exception in Arkansas Code Annotated section 18-44-115(a)(8) to the residential preconstruction-notice requirement can never apply to a contractor —even though the plain language of the statute covers contractors. It asserts that the plain wording of the statute properly reflects the legislature's intent when it drafted the statute. Further, the circuit court erred in finding that the direct-sales exception never covers contractors because it made the incorrect assumption that all contractors' contracts fit the definition of a direct sale. We find merit to this argument.

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Lipsey v. Giles*, 2014 Ark. 309, 439 S.W.3d 13. On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave no disputed questions of material fact. *Id.* In our review, we view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* We focus not only on the pleadings, but also on the affidavits and documents filed by the parties. *Id.* Moreover, we have held that, even when there is no material dispute as to the facts, on review, we will determine whether "reasonable minds" could draw "reasonable" inconsistent hypotheses to render summary judgment inappropriate; if so, summary judgment is not appropriate. *Id.*

The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Evans v. Hamby*, 2011 Ark. 69, 378

SLIP OPINION

S.W.3d 723. The purpose of the rules of statutory construction is to give effect to the intent of the legislature. *State v. Colvin*, 2013 Ark. 203, 127 S.W.3d 635. The first rule of statutory construction is to construe a statute just as it reads, giving the words their ordinary and usually accepted meaning, *Smith v. Simes*, 2013 Ark. 477, 430 S.W.3d 690. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Colvin, supra*. Statutes relating to the same subject must be construed together and in harmony, if possible. *Id.*

As noted preciously, the "direct sale" exception that is found in section 18-44-115(a)(8)(A). Subsection 115(a)(8)(B) defines a direct sale: "A sale shall be a direct sale only if the owner orders materials or services from the lien claimant." Contrary to the findings of the circuit court, it is not "absurd" to construe section 18-44-115 just as written. Under the plain wording of the statute, to the extent that Ladd has ordered materials or services directly from Hammerhead, those transactions constitute direct sales, and Hammerhead is not required to give Ladd the statutory notice. In situations such as the case at bar, the homeowner is in direct privity of contract with the direct-sale contractor. There are no undisclosed suppliers or laborers. In Ladd's dealings with Hammerhead, Ladd had to expect that Hammerhead would want to be paid for the labor and materials that it provided directly to Ladd. Whether the direct-sales exception encompasses every transaction between a general contractor and a homeowner, a premise that we do not accept, is of no moment. The plain wording of the statute is clear, and it is not the role of this court to rewrite the statute. We therefore reverse the circuit court's grant of summary judgment and its order

voiding the lien and remand for further proceedings consistent with this opinion.

Because we have reversed and remanded this case based on Hammerhead's first point on appeal, we need not reach his second point in which he asserts that the circuit court's interpretation of Arkansas Code Annotated section 18-44-115(a)(4) is unconstitutional because it violates a contractor's right to seek redress in court for wrongs done to them. We also decline to address Hammerhead's argument concerning the propriety of Holmes, as the owner of an LLC, filing a lien on the LLC's behalf. This issue was not ruled on by the circuit court and therefore will not be addressed on appeal.

Reversed and remanded.

GOODSON, WOOD, and WYNNE, JJ., dissent.

**ROBIN F. WYNNE, Justice, dissenting.** Because I believe that the majority's decision in this case effectively abolishes an entire code section, I respectfully dissent.

The statute at issue, Arkansas Code Annotated section 18-44-115, requires a residential contractor to give the notice recited in the statute to the owner of the residential real estate before beginning work on the property. Ark. Code Ann. § 18-44-115(a)(3) (Repl. 2015). It is undisputed that in this case that did not happen. The statute also states that if the notice is not given, no lien on the property may be acquired. Ark. Code Ann. § 18-44-115(a)(1). There is an exception to the notice requirement in the case of a "direct sale." Ark. Code Ann. § 18-44-115(a)(8)(A). The statute defines a direct sale as existing "only if the owner orders materials or services directly from the lien claimant." Ark. Code Ann. § 18-44-115(a)(8)(B).

For the purposes of the applicable subchapter, a contractor is defined as "any person who contracts orally or in writing *directly* with a person holding an interest in real estate, or such person's agent for the construction of any improvement to or repair of real estate." Ark. Code Ann. § 18-44-107(1) (emphasis added). Thus, by definition, a property owner's dealings with a general contractor, such as Hammerhead, are always going to fall within the direct-sale exception. The majority states that this is of no moment. I disagree. The majority's interpretation effectively writes the statute out of the Arkansas Code, as there is no situation in which a general contractor will not be sheltered by the direct-sale exception. Under the majority's view, there is simply no requirement for a general contractor to ever concern itself with giving the notice that it is statutorily required to give.

The majority states that "the plain wording of the statute is clear." However, the majority's application of the plain wording renders the statute internally inconsistent such that the exception now swallows the rule. In interpreting statutes, we are required to reconcile different provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *See Smith v. ConAgra Foods, Inc.*, 2013 Ark. 502, 431 S.W.3d 200. The majority has not done this. Instead, the majority has read the direct-sale exception in isolation and nullified the remainder of the statute. Reading the statute as a whole, it is clear to me that the direct-sale exception was meant to apply to situations in which a potential lien claimant other than the residential contractor has contracted directly with the property owner to provide materials or services. In that instance, it is not necessary for the residential contractor to advise the property owner of the potential for liens by parties unknown to the

property owner, because the property owner would be aware of their existence through having directly contracted with them. This interpretation of the statute gives effect to every part and helps to protect property owners from finding liens placed on their property by unknown parties, as the legislature intended in enacting the statute. Because appellants failed to give the statutorily-required notice, and because there is no evidence that the direct-sale exception should apply, I would affirm the circuit court's finding that appellants' failure to give the required notice is fatal to their lien.

For these reasons, I respectfully dissent.

GOODSON and WOOD, JJ., join.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellants.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Kenneth P. "Casey" Castleberry*, for appellee.