SLIP OPINION

Cite as 2017 Ark. 78

# SUPREME COURT OF ARKANSAS
No. CV–16–22

| | |
|---|---|
| CITY OF BENTON<br>APPELLANT/CROSS-APPELLEE<br><br>V.<br><br>ALCOA ROAD STORAGE, INC.<br>APPELLEE/CROSS-APPELLANT | Opinion Delivered: March 9, 2017<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CV-14-352-2]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br><br>REVERSED ON DIRECT APPEAL;<br>AFFIRMED ON CROSS-APPEAL. |

**JOHN DAN KEMP, Chief Justice**

Appellant, City of Benton (the "City"), appeals from an award of attorneys' fees to appellee, Alcoa Road Storage, Inc. ("Alcoa"), in a judgment arising from a condemnation proceeding. For reversal, the City contends that the circuit court erred because there is no statutory authority for awarding attorneys' fees against a municipality in a condemnation proceeding. Alcoa cross-appeals the denial of its request for payment of expert-witness fees. Specifically, Alcoa contends that the circuit court erred in finding that expert-witness fees incurred by a landowner to establish the calculation of its just compensation were not "costs occasioned by the assessment" pursuant to Arkansas Code Annotated section 18-15-307(c) (Repl. 2015). We reverse the award of attorneys' fees and affirm the denial of expert-witness fees.[1]

---

[1] This court accepted certification of this case from the court of appeals pursuant to Arkansas Supreme Court Rule 1-2(d) (2016).

On June 25, 2014, the City filed a complaint seeking to take real property belonging to Alcoa by eminent domain pursuant to Arkansas Code Annotated section 18-15-201 and Arkansas Code Annotated sections 18-15-301 et seq. The circuit court entered an ex parte order of possession and directed the City to deposit $197,100 into the registry of the court. Alcoa answered and requested a jury trial. The circuit court held a jury trial, and on June 24, 2015, the jury returned a verdict awarding Alcoa $317,550.[2] Thereafter, Alcoa filed a motion for assessment of expert-witness fees in the amount of $22,314.76 and attorneys' fees in the amount of $9,285.39. The circuit court awarded attorneys' fees but denied the motion for expert-witness fees.

We begin with a brief overview of the law governing the eminent-domain power of municipalities. In 1875, the General Assembly enacted Act I, a comprehensive act concerning the incorporation, organization, and government of municipal corporations. The Act conferred upon municipal corporations the power of eminent domain for the construction of certain improvements and for other lawful purposes, and it provided for compensation to the owners of the property taken. *See* Act of Mar. 9, 1875, No. 1, §§ 74–75, 1874–75 Ark. Acts 1, 31–32, now codified as Ark. Code Ann. §§ 18-15-301 to -307.

The valuation procedure for property sought to be condemned is called an "assessment." The "inquiry into and assessment of compensation" is made by a jury. *See* Ark. Code Ann. § 18-15-304. "As soon as the amount of compensation that may be due to

---

[2]The amount of just compensation paid to Alcoa is not an issue on direct appeal or on cross-appeal.

SLIP OPINION

the owners of the property taken . . . shall have been ascertained by the jury, the court shall make such order as to its payment or deposit." *Id.* § 18–15–307(a).

The issues in this case require us to construe section 18–15–307(c), which states, "The costs occasioned by the assessment shall be paid by the corporation, and, as to the other costs which may arise, they shall be charged or taxed as the court may direct." On appeal, we must determine whether the phrase "costs occasioned by the assessment" includes attorneys' fees. On cross-appeal, we must determine whether the phrase includes expert-witness fees.

The cardinal rule of statutory construction is to effectuate the legislative will. *E.g.*, *Roeder v. United States*, 2014 Ark. 156, 432 S.W.3d 627. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *E.g.*, *Woodrome v. Daniels*, 2010 Ark. 244, 370 S.W.3d 190. When the language of the statute is plain and unambiguous, conveying a clear and definite meaning, we need not resort to the rules of statutory construction. *E.g.*, *Raymond James Fin. Servs., Inc.*, 373 Ark. 79, 281 S.W.3d 721 (2008).

The City contends that "costs occasioned by the assessment," as used in Arkansas Code Annotated section 18–15–307(c), does not encompass attorneys' fees and expert-witness fees. We agree with the City that the circuit court erred in awarding attorneys' fees to Alcoa because there is no statutory authority for awarding attorneys' fees against a municipality in a condemnation proceeding. The American rule, which is observed in Arkansas, is that attorneys' fees are not chargeable as costs in litigation unless specifically permitted by statute. *Love v. Smackover Sch. Dist.*, 329 Ark. 4, 946 S.W.2d 676 (1997) (citing *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990)). Arkansas has followed

SLIP OPINION

this common-law rule since before the Civil War. *Med. Liability Mut. Ins. Co. v. Alan Curtis Enters.*, 373 Ark. 525, 285 S.W.3d 233 (2008) (citing *Temple v. Lawson*, 19 Ark. 148 (1857)). Moreover, this court has squarely rejected the argument that attorneys' fees are a component of just compensation. *See Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321; *Ark. State Highway Comm'n v. Johnson*, 300 Ark. 454, 780 S.W.2d 326 (1989).

Here, the statute provides for "costs occasioned by the assessment." The terms "costs" or "expenses" when used in a statute do not ordinarily include attorneys' fees. *Ark. Dep't of Human Servs. v. Kistler*, 320 Ark. 501, 898 S.W.2d 32 (1995); *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994). Because attorneys' fees are not expressly provided for in section 18-15-307(c), we reverse the circuit court's award of attorneys' fees.

On cross-appeal, Alcoa contends that the circuit court erred in finding that expert-witness fees incurred by a landowner to establish the calculation of its just compensation are not "costs occasioned by the assessment" pursuant to Arkansas Code Annotated section 18-15-307(c). We disagree.

This court has long recognized that "[o]ur entire law of costs and fees is, in substance, statutory." *Thorn v. Clendenin*, 12 Ark. 60, 62 (1851); *see also Ark. State Game & Fish Comm'n v. Kizer*, 222 Ark. 673, 262 S.W.2d 265 (1953) (noting that, at common law, neither party was entitled to recover costs). Notably, section 18-15-307(c) has not been amended since its enactment in 1875. We conclude that, when the legislature provided for "costs occasioned by the assessment," it was contemplating only those costs that could be taxed in an ordinary action, and not all expenses that a party may have incurred. *Cf. Wood v. Tyler*, 317 Ark. 319, 877 S.W.2d 582 (1994). In the absence of statutory authority, the fees of

expert witnesses cannot be treated as costs and charged against a losing party. *Sutton v. Ryder Truck Rental, Inc.*, 305 Ark. 231, 807 S.W.2d 905 (1991); *Ark. State Highway Comm'n v. Union Planters Nat'l Bank*, 231 Ark. 907, 333 S.W.2d 904 (1960); *see also Wood*, 317 Ark. 319, 877 S.W.2d 582. Therefore, we affirm the circuit court's denial of expert-witness fees to Alcoa.

Reversed on direct appeal; affirmed on cross-appeal.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority has failed to properly apply statutory construction in accordance with the time-honored methods that this court has hitherto employed. The proper application of our procedures for interpreting an act of the General Assembly, when done in a manner that comports with our state constitution, mandates that both attorney's fees and expert-witness fees are "costs occasioned by the assessment" of just compensation for property condemned under eminent domain. Ark. Code Ann. § 18-15-307(c).[1] Thus, Alcoa Road Storage, Inc. (Alcoa) is entitled to not only attorney's fees but its expert-witness fees as well.

The crux of this appeal is the meaning of the word "costs" in the phrase "costs occasioned by the assessment" found in Arkansas Code Annotated section 18-15-307(c). More specifically, the question is whether "costs" may be interpreted to mean the money

---

[1]The full text of the pertinent part of the statute reads as follows: "The costs occasioned by the assessment shall be paid by the corporation, and, as to the other costs which may arise, they shall be charged or taxed as the court may direct." Ark. Code Ann. § 18-15-307(c).

that Alcoa had to expend in litigation to obtain the "just compensation" that a property owner is guaranteed by the Arkansas Constitution.

The Arkansas Constitution, in article 2, section 22 states, "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."  Furthermore, "just compensation" means full compensation.  *Ark. State Highway Comm'n v. Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985).  Moreover, this court is obligated to construe an act to be constitutional, if possible.  *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007). Had the majority allowed these fundamental principles to illuminate its search for the meaning of "costs" in section 18-15-307(c), it would not have stumbled so badly as to interpret a statute in an unconstitutional manner.

The majority's citation of *Ellis v. Arkansas State Highway Commission*, 2010 Ark. 196, 363 S.W.3d 321 and *Arkansas State Highway Commission v. Johnson*, 300 Ark. 454, 780 S.W.2d 326 (1989) shows the depth of its misunderstanding of my analysis on this point. The proper construction of section 18-15-307(c) must proceed from the presumption that the *General Assembly* understands the constitutional requirement that a citizen receives just compensation whenever the state takes his or her property.  I contend that this constitutional requirement is embodied in section 18-15-307(c) and should be given effect by this court.

Instead, the majority apparently *presumes* that the General Assembly has disregarded the Arkansas Constitution both directly by denying a landowner just compensation and indirectly by intruding on the landowner's constitutional right to a trial by jury.

To be sure, Alcoa has not placed before this court a challenge to the constitutionality of section 18-15-307(c). Implicit in Alcoa's argument is that the statute *is* constitutional. It is only the *majority's interpretation* that has made section 18-15-307(c) unconstitutional.

"Costs" is commonly defined as "the expenses of litigation, prosecution, or other legal transaction esp. those allowed in favor of one party against another." *Black's Law Dictionary* 423 (10th ed. 2014). The majority is being disingenuous when it cites *Arkansas Department of Human Services v. Kistler*, 320 Ark. 501, 898 S.W.2d 32 (1995), for the proposition that when a statute uses the words costs and expenses, the meaning "do[es] not ordinarily include attorney fees." *Kistler* holds that attorney's fees are not awarded without statutory authority. The majority completely misses my point—section 18-15-307(c) *does* provide that statutory authority *in this case*.

That the General Assembly is sensitive to protection of the constitutional right of landowners to full compensation for the taking of their property cannot be doubted. When the General Assembly recently amended another eminent-domain statute, Arkansas Code Annotated section 27-67-317, it effectively overruled the two cases relied on by the majority, *Ellis v. Arkansas State Highway Commission*, *supra* and *Arkansas State Highway Commission v. Johnson*; *supra*, it stated the following:

> AN ACT TO MODIFY CERTAIN EMINENT DOMAIN LAWS THAT ARISE OUT OF PROPERTY RIGHTS SECURED UNDER ARTICLE 2, § 22 OF THE ARKANSAS CONSTITUTION; AND FOR OTHER PURPOSES.
>
> Subtitle
>
> TO MODIFY CERTAIN EMINENT DOMAIN LAWS THAT ARISE OUT OF PROPERTY RIGHTS SECURED UNDER ARTICLE 2, § 22 OF THE ARKANSAS CONSTITUTION.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

SECTION 1. DO NOT CODIFY. Legislative intent.

(a) It is the intent of the General Assembly to protect the property rights of the people of the State of Arkansas in eminent domain proceedings initiated by the State Highway Commission because, as stated in Article 2, § 22 of the Arkansas Constitution, the right of property in Arkansas is before and higher than any constitutional sanction and should not be taken without just compensation.

(b) The General Assembly believes when the Arkansas State Highway and Transportation Department fails to offer the fair market value for condemned property that costs, expenses, and reasonable attorney's fees should be awarded to the land owner to justly compensate the people of the State of Arkansas.

Act of Mar. 26, 2013, No. 502, 2013 Ark. Act 502. Section 18-15-307(c) did not need similar attention from our legislature, until now.

Section 18-15-307(c)'s use of the word "costs" is consistent with at least one other statute that concerns the award of attorney's fees. Arkansas Code Annotated section 16-22-308 provides for the award of attorney's fees to the prevailing party in a contract action,[2] directing that a reasonable attorney's fee be assessed by the trial court and "collected as costs." Accordingly, this interpretation would affirm the award of attorney's fees as part of the "cost" of securing a proper assessment for the condemned property. However, by

---

[2] The code section states:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308 (Repl. 1999).

construing "costs" in the way that it does, the majority has caused Alcoa to receive for its "just compensation" $31,600.15 less than the jury determined was "just."

A more rigorous application of the canons of statutory construction further substantiates this analysis. The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Hammerhead Contracting & Dev., LLC v. Ladd*, 2016 Ark. 162, 489 S.W.3d 654. The purpose of the rules of statutory construction is to give effect to the intent of the legislature. *Id.* The first rule of statutory construction is to construe a statute just as it reads, giving the words their ordinary and usually accepted meaning. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.* Statutes relating to the same subject must be construed together and in harmony, if possible. *Id.*

The construction of "costs" to include attorney's fees and expert-witness fees harmonizes section 18-15-307(c) with the provisions in section 27-67-317(b). This interpretation would provide the same compensation to a landowner who is forced to vindicate his or her right to just compensation through litigation. Otherwise, we are left with the anomaly of the rare instance in which the legislature gives the State of Arkansas, which would otherwise be protected by sovereign immunity, less protection than a municipal corporation.

In short, two interpretations of section 18-15-307(c) are possible. One interpretation justifies the circuit court's award of attorney's fees and the expert-witness fees that Alcoa seeks in its cross-appeal, thus giving Alcoa the full compensation that a jury determined was

"just." The other interpretation, the one espoused by the majority, leaves Alcoa's compensation $31,600.15 less than what the jury said Alcoa was entitled to. I refuse to lay at the feet of the General Assembly an interpretation of a statute, made solely by this court, that serves to unconstitutionally deny Alcoa its just compensation for the land taken by the City of Benton. I would affirm the circuit court on the award of attorney's fees and reverse and remand this case for a consideration of which expert-witness fees and other expenses associated with the litigation were necessary to obtain the jury's assessment of the "just compensation" in this case. I therefore respectfully dissent.

*Jensen Young & Houston, PLLC*, by: *Brent Houston*, for appellant.

*Eichenbaum Liles P.A.*, by: *Christopher O. Parker*, for appellee.